SEYFARTH SHAW LLP
Colleen M. Regan (SBN 120284)
E-mail: cregan@seyfarth.com
Maya Harel (SBN 291990)
E-mail: mharel@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CLIPPER MAGAZINE, LLC (erroneously
named and sued as Clipper Magazine, Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PARKER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CLIPPER MAGAZINE, INC., and DOES 1 through 25,<br><br>Defendant. | Case No. 5:15-cv-525<br><br>**DEFENDANT CLIPPER MAGAZINE, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Riverside Superior Court Case No. MCC1500054)<br><br>Complaint Filed: February 13, 2015 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DANA PARKER AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Clipper Magazine, LLC (erroneously named and sued as Clipper Magazine, Inc.) ("Clipper Magazine" or "Defendant") files this notice of removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting Diversity Jurisdiction, pursuant to 28 U.S.C. section 1332, to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California

for the County of Riverside, and states that the removal is proper for the following reasons:

## I. PROCEEDINGS IN STATE COURT

1. On February 13, 2015, Plaintiff Dana Parker ("Plaintiff") filed a Complaint against Clipper Magazine, Inc. in the Superior Court of the State of California for the County of Riverside, entitled "*Dana Parker, an individual v. Clipper Magazine, Inc., and DOES 1 through 25,*" Case No. MCC1500054. The complaint alleges causes of action for: (1) Discrimination based on age (violation of Government Code § 12940 et. seq.); and (2) Wrongful termination in violation of public policy.

2. On February 18, 2015, Defendant was personally served with the Complaint. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Department Assignment and Case Management Conference, which were received by Defendant are collectively attached hereto as **Exhibit 1**.

3. On March 17, 2015, Defendant filed its Answer to Plaintiff's unverified Complaint in the Superior Court of the State of California for the County of Riverside. A true and correct copy of the Answer is attached hereto as **Exhibit 2**.

4. **Exhibits 1** and **2** constitute all of the pleadings or other process served upon Defendant, filed by Defendant, or retrieved by Defendant from the State Court Action prior to filing this Notice of Removal.

## II. TIMELINESS OF REMOVAL

5. In cases where removability appears on the face of the state court complaint, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading from which removability can be ascertained. 28 U.S.C. § 1446(b)(1). This Notice of Removal is timely because it is being filed within thirty (30) days after Defendant's receipt of the Summons and Complaint, through personal service on February 18, 2015, and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b)(1).

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1332(a)(1) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and the action is between citizens of different states.

### A. Plaintiff Is A Citizen Of California

7. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

8. The Complaint alleges that Plaintiff is a resident of the State of California. (*See* Exhibit 1, Complaint, ¶ 1; "Parker is, at all times mentioned, an individual residing in the State of California.") Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

9. Additionally, Plaintiff provided Clipper Magazine with her home address during the course of her employment for purposes of her personnel file, payroll checks, state payroll, and tax withholdings. Employees are required to keep their contact information current. Plaintiff's last known address is located in Riverside County, California. (Declaration of Barbara Valinski in Support of Defendant's Notice of Removal ("Valinski Decl."), ¶ 5.)

10. Furthermore, a public records search reveals that Plaintiff continues to reside in Riverside County. (Declaration of Colleen M. Regan in Support of Defendant's Notice of Removal ("Regan Decl."), ¶ 3.) Defendant has attached the public records search results as **Exhibit A** to the concurrently filed Declaration of Colleen M. Regan for the Court's review. Plaintiff's personal information, including her street address, has

been redacted pursuant to Fed. R. Civ. Proc. 5.2 and Central District Local Rule 5.2-1. This further demonstrates that Plaintiff is a resident and citizen of California.

**B. <u>Defendant Is Not A Citizen Of California</u>**

11. Clipper Magazine, LLC is now, and was at the time of filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).

12. Limited liability companies are unincorporated associations for purposes of 28 U.S.C. section 1332. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction . . . . We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Thus, for cases seeking removal based on diversity jurisdiction, the rule is that "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; *Fadal Machining Ctrs., LLC v. Mid-Atl. CNC, Inc.*, 464 F. App'x 672, 673-674 (9th Cir. 2012) (holding the LLC's citizenship is based on the citizenship of its member in the traditional diversity analysis).

13. Pursuant to 28 U.S.C. section 1332(c)(1), for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332; *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) ("A corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'").

14. In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the

> place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center."**

*Id.* at 92-93 (emphasis added).

15. Clipper Magazine is now, and at all times since the commencement of this action has been, a Delaware limited liability corporation with its principal place of business in the State of Pennsylvania. (*See* Declaration of Joe Hartman in Support of Defendant's Notice of Removal ("Hartman Decl."), ¶ 3.)

16. Mountville, Pennsylvania is the site of Clipper Magazine's business headquarters and executive offices, where its senior officers direct, control, and coordinate the company's activities. It is where the executive officers and other business leaders have their offices and spend most of their working time. Clipper Magazine's core executive and administrative functions, including corporate finance and accounting, are directed and carried out from Mountville, Pennsylvania. (Hartman Decl., ¶¶ 3-4.) Although it has some employees in California, Clipper Magazine has no offices or other business locations in the state of California. All of its California employees are managed by personnel based in Clipper Magazine's Pennsylvania business headquarters. (Valinski Decl., ¶ 3.)

17. The managing principal and sole member of Clipper Magazine, LLC is now, and at all times since the commencement of this action has been, Gannett Satellite Information Network, Inc. ("GanSat"). (Hartman Decl., ¶ 5.)

18. GanSat is now, and at all times since the commencement of this action has been, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in McLean, Virginia. Its core executive and administrative functions are directed and carried out from McLean, Virginia, and none of its executive or administrative functions are found in the State of California. (Hartman Decl., ¶ 5.)

19. Therefore, for purposes of diversity jurisdiction, Clipper Magazine is, and has been at all times since this action commenced, a citizen of a state other than the State of California.

C. **Doe Defendants Are Disregarded For Diversity**

20. The other defendants named in the Complaint are merely fictitious parties identified as "DOES 1 through 25" whose citizenship shall be disregarded for purposes of this removal. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

21. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002). Thus, the existence of Doe defendants one through twenty-fifty, does not deprive this Court of jurisdiction.

D. **Amount In Controversy Exceeds The Statutory Minimum**

22. The Federal Court's Jurisdiction and Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205. Under the JVCA, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. section 1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. section 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the

preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

23. Recently, the United States Supreme Court held that "as specified in §1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (emphasis added). The Ninth Circuit also recently rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.").

24. The preponderance standard is not a "daunting" standard. *Muniz v. Pilot Travel Centers LLC,* 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); *see Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("The parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009). A removing defendant must simply produce underlying facts or evidence demonstrating **more likely than not** the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.").

25. To meet this relatively low burden of production, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits

or declarations."); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy").

26. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

27. Plaintiff's Complaint alleges age discrimination and wrongful termination. Plaintiff claims general and special damages, including but not limited to "substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress." Plaintiff also seeks punitive damages and attorneys' fees and costs. (*See* Exhibit 1, Complaint ¶¶ 12, 13, 14, 18, 19; and Prayer for Relief, p. 4.) Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded on her claims if she prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

28. **Lost Wages.** Plaintiff seeks lost earnings and benefits following her termination on December 5, 2014, and alleges that she continues to lose income. (*See* Exhibit 1, Complaint ¶¶ 12, 19.) At the time of her termination, Plaintiff was earning an annual salary of $150,000. (*See* Valinski Decl., ¶ 7.) Accordingly, Plaintiff earned approximately $2,884.62 per week ($150,000 divided by 52 weeks = $2,884.62 per week). Plaintiff is claiming lost wages from December 5, 2014 through the present, in addition to future lost wages. As of the date this removal was filed, Plaintiff's lost wages are approximately **$43,269.30** ($2,884.62 per week x 15 weeks), which does not include

the value of benefits, and will accrue over time. If the case is set for trial in March 2016, Plaintiff's lost wages would total **$187,500.30** ($2,884.62 per week x 65 weeks), which does not include the value of benefits, and will accrue over time.

29. **Plaintiff's Emotional Distress Damages.** Plaintiff also claims damages for emotional distress. (*See* Exhibit 1, Complaint ¶ 12; and Prayer for Relief, p. 4.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold: *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in age discrimination case); *Vasquez v. Los Angeles Cnt. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering aware of $250,000, $250,000, $250,000, and $250,267 to four employees in age discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $5,600,000 in non-economic damages in five plaintiff age discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in age discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in age discrimination case); *Hawkins v. Kmart Corp.*, 2009 WL 3439073 (Riverside County Sup. Ct.) (jury awarded $130,000 in non-economic damages in age discrimination case).

30. Plaintiff's allegations that she was discriminated against on the basis of age and wrongfully terminated are similar to the issues in these cases. Defendant has attached these verdicts as **Exhibit B** to the concurrently filed Declaration of Colleen M. Regan for the Court's review.

31. **Attorneys' Fees and Costs.** Plaintiff also claims that she is entitled to attorneys' fees and costs. (*See* Exhibit 1, Complaint, ¶ 14; and Prayer for Relief, p. 4.)

Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. Of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

32. Courts have awarded far in excess of $75,000 in attorneys' fees in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fees award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, at *9 (Cal. Ct. App. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination). Defendant has attached these verdicts as **Exhibit C** to the concurrently filed Declaration of Colleen M. Regan.

33. Defendant anticipates depositions being taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Regan Decl., ¶ 6.)

34. **Punitive Damages.** Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages

must be taken into account where recoverable under state law); *see also* Exhibit 1, Complaint, ¶¶ 13, 18; and Prayer for Relief, p. 4.

35. The economic resources of Defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

36. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged wrongful termination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009); *see also* Regan Decl., Exh. B, *Hawkins v. Kmart Corp.*, 2009 WL 3439073 (Riverside County Sup. Ct.) (awarding $25 million in punitive damages).

37. Based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## IV. NO JOINDER REQUIRED

38. Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## V. VENUE AND INTRADISTRICT ASSIGNMENT

39. As discussed above, Plaintiff is a resident of California residing in Riverside County, California.

40. Plaintiff originally brought this action in the Superior Court of the State of California for the County of Riverside. The County of Riverside lies within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

41. This Court is the United States District Court for the district within which the State Court Action is pending. Therefore, pursuant to 28 U.S.C. sections 1391(a), 84(c)(1), 1441(a) and 1446(a), venue lies in the Central District of California, Eastern Division.

## VI. SERVICE OF NOTICE OF REMOVAL

42. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Riverside, in the State Court Action.

43. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

44. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits 1** and **2**.

///

///

///

///

///

///

///

///

///

## VII. PRAYER FOR REMOVAL

45. WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, Eastern Division.

DATED: March 18, 2015

SEYFARTH SHAW LLP

By: *_/s/ Maya Harel_*
Colleen M. Regan
Maya Harel
Attorneys for Defendant
CLIPPER MAGAZINE, LLC (erroneously named and sued as Clipper Magazine, Inc.)

# EXHIBIT 1

2:30p. 2·18·15 SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 13 2015
V Arnold

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):* LLC
CLIPPER MAGAZINE, ~~INC~~., and DOES 1 through 25,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANA PARKER, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* ~~Riverside County Superior Court 4050 Main St. Riverside, Ca 92501~~

SUPERIOR COURT OF CALIFORNIA
County of Riverside
SOUTHWEST JUSTICE CENTER
30755-D Auld Road, Suite 1226
Murrieta, CA 92563

CASE NUMBER: *(Número del Caso):* MCC1500054

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gould & Associates, 17822 E. 17th St., Suite 106, Tustin, Ca 92780, 714-669-2850; 714-544-0800

DATE: *(Fecha)* FEB 13 2015 Clerk, by *(Secretario)* V Arnold , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)
Gould & Assocaites
17822 E. 17th St., Suite 106
Tustin, Ca 92780
TELEPHONE NO.: 714-669-2850 FAX NO.: 714-544-0800
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, Ca 92501
BRANCH NAME: Civil -Main

SUPERIOR COURT OF CALIFORNIA
County of Riverside
SOUTHWEST JUSTICE CENTER
30755-D Auld Road, Suite 1226
Murrieta, CA 92563

CASE NAME:
Parker v. Clipper Magazine, Inc.

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: MCC1500054
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): 2
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: January 2, 2015
Aarin A. Zeif
(TYPE OR PRINT NAME)
▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
GOULD & ASSOCIATES
A Professional Law Corporation
17822 East 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Telecopier: (714) 544-0800

Attorneys for Plaintiff
Dana Parker

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 13 2015
V Arnold

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN THE COUNTY OF RIVERSIDE**

DANA PARKER, an individual,

Plaintiff,

v.

CLIPPER MAGAZINE, INC., and DOES 1 through 25,

Defendants.

**CASE NO.:** MCC1500054

**COMPLAINT FOR DAMAGES FOR:**

1. **DISCRIMINATION BASED ON AGE (Violation of *Government Code* § 12940 et. seq.);**

2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

Unlimited Civil
Demand for Jury Trial

Plaintiff Dana Parker (hereinafter referred to as "Parker") alleges the following:

## PRELIMINARY ALLEGATIONS

1. Parker is, at all times mentioned, an individual residing in the State of California.

2. Parker is informed and believes, and thereon alleges, that Defendant Clipper Magazine, Inc. (herein after referred to as "Defendant") is a California Corporation transacting business in the County of Riverside, State of California.

3. Parker is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive and therefore sues said Defendants by such fictitious names. Parker will amend this complaint to allege their true names and capacities when ascertained. Parker is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is, in some manner, legally responsible for some or all of the Plaintiff's damages described herein.

4. Parker is informed and believes, and thereon alleges, that at all times herein relevant, each Defendant was the agent, employee and/or partner of each of the Defendants, and was acting within the course and scope of said agency, employment and/or partnership.

5. Venue is proper because the conduct alleged in this Complaint occurred in this judicial district.

## FIRST CAUSE OF ACTION
**Discrimination Based on Age**
**(Violation of *California Government Code* § 12940 et. seq.)**

6. Parker re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 5, inclusive, as though set forth fully herein.

7. Parker worked for Defendants for approximately fifteen (15) years before she was terminated on or about December 5, 2014. Parker worked for the Defendant as a Senior Account Executive.

8. At all times herein mentioned *California Government Code* § 12940 et. seq. was in full force and effect and was binding upon Defendants and each of them. Said section requires Defendants to refrain from discriminating against any of its employees in the terms and conditions of their employment because of that employee's age.

9. Moreover, within the time provided by law, Parker filed a formal complaint with the California Department of Fair Employment and Housing ("DFEH"). Parker has now received her "right-to-sue" letter from the DFEH.

10. Parker was over 40 years of age at the time she was terminated from employment with Defendant.

11. Parker is informed and believes, and thereon alleges, that she was terminated because of her age based on the following facts: Parker was capable of performing the essential functions of her job; and Parker was replaced by a substantially younger employee.

12. As a proximate result of the Defendant's termination of Parker because of her age, Parker has suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

13. Parker is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Parker to recover punitive damages from Defendants in an amount according to proof at trial.

14. Pursuant to *California Government Code* § 12965 (b), Parker's attorney fees and costs are recoverable when he prevails in this lawsuit. Parker has incurred, and will continue to incur, attorney fees and costs in connection with this matter.

**SECOND CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**

15. Parker re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16. The public policy of the State of California, as expressed by the Legislature, the California Constitution, the California Supreme Court, and *California Government Code* § 12940 et. seq., is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination related to age.

17. Defendant deliberately, intentionally, and wrongfully terminated Parker without just cause or reason and on the improper and illegal basis of age as alleged herein, in violation of the public policy of the State of California.

18. Parker is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Parker to recover punitive damages from Defendants in an amount according to proof at trial.

19. Parker is informed and believes, and thereon alleges, that as a result of her termination, has suffered injuries, including lost wages, the exact amount of which is unknown at this time, but which will be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION**

1. Judgment against Defendants for general damages according to proof;
2. Judgment against Defendants for special damages according to proof;
3. Judgment against Defendants for punitive damages according to proof;
4. Judgment against Defendants for attorney's fees and costs according to proof;

**ON THE SECOND CAUSE OF ACTION**

5. Judgment against Defendants for general damages according to proof;
6. Judgment against Defendants for special damages according to proof;
7. Judgment against Defendants for punitive damages according to proof;

**ON ALL CAUSES OF ACTION**

8. For reasonable attorney's fees as provided by law;
9. For costs of suit herein incurred, as provided by law;
10. For pre-judgment interest in all amounts claimed, as provided by law;
11. For such other and further relief as the court deems just and proper.

## REQUEST FOR A JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: January 2, 2014

Michael A. Gould
Aarin A. Zeif
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Dana Parker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA 92563
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

PARKER VS CLIPPER MAGAZINE INC

CASE NO. MCC1500054

This case is assigned to the Honorable Judge Raquel A Marquez in Department S303 for all purposes.

The Case Management Conference is scheduled for 08/12/15 at 8:30 in Department S303.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 02/13/15

by: ______________________
,VIVIAN ARNOLD Deputy Clerk

CDACMC
1/28/14

# EXHIBIT 2

COPY

SEYFARTH SHAW LLP
Colleen M. Regan (SBN 120284)
E-mail: cregan@seyfarth.com
Maya Harel (SBN 291990)
E-mail: mharel@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CLIPPER MAGAZINE, LLC (erroneously
named and sued as Clipper Magazine, Inc.)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAR 17 2015
M. Lopez

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| DANA PARKER, an individual,<br>Plaintiff,<br>v.<br>CLIPPER MAGAZINE, INC., and DOES 1 through 25,<br>Defendants. | Case No. MCC1500054<br>**DEFENDANT CLIPPER MAGAZINE, LLC'S ANSWER TO PLAINTIFF DANA PARKER'S UNVERIFIED COMPLAINT**<br>Complaint Filed: February 13, 2015 |

Defendant CLIPPER MAGAZINE, LLC (erroneously sued and named as Clipper Magazine, Inc.) ("Defendant"), for itself and no other, hereby answers the unverified Complaint of Plaintiff Dana Parker ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

As and for its separate and affirmative defenses, Defendant alleges as follows:

**SEPARATE DEFENSES**

**FIRST DEFENSE**

**(Failure to State a Cause of Action - All Causes of Action)**

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

**(Statute of Limitations - All Causes of Action)**

2. Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338, 343, and California Government Code Sections 12960 and 12965.

**THIRD DEFENSE**

**(Estoppel - All Causes of Action)**

3. Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct by which she is estopped to assert any cause of action against Defendant.

**FOURTH DEFENSE**

**(Unclean Hands - All Causes of Action)**

4. Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct that bars her claims for relief, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

**(Laches - All Causes of Action)**

5. Defendant is informed and believes and thereon alleges that Plaintiff has delayed unreasonably in seeking relief or otherwise engaged in conduct that bars her claims for relief, in whole or in part, by the doctrine of laches.

**SIXTH DEFENSE**

**(Waiver - All Causes of Action)**

6. Defendant is informed and believes and thereon alleges that Plaintiff has engaged in conduct that bars her claims for relief, in whole or in part, by the doctrine of waiver.

**SEVENTH DEFENSE**

**(Failure to Mitigate Damages - All Causes of Action)**

7. Defendant is informed and believes and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable efforts to mitigate her alleged damages.

**EIGHTH DEFENSE**

**(Failure to Exhaust Administrative Remedies - First Cause of Action)**

8. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust her administrative and/or procedural remedies with respect to her causes of action pursuant to the California Fair Employment and Housing Act ("FEHA"), California Government Code Section 12900 *et seq.*, including, but not limited to, Sections 12960(d) and 12965.

**NINTH DEFENSE**

**(Business Reasons/Business Necessity - All Causes of Action)**

9. Plaintiff's claims are barred, in whole or in part, because Defendant had legitimate, non-discriminatory and non-retaliatory reasons for each employment action or omission, if any, concerning Plaintiff and/or the acts of Defendant were made in good faith and in furtherance of a legitimate business interest and/or business necessity.

**TENTH DEFENSE**

**(Managerial Privilege - All Causes of Action)**

10. Defendant and its agents were privileged in the exercise of managerial discretion with respect to Plaintiff's employment and, in their conduct toward Plaintiff, neither Defendant nor its agents abused or exceeded their managerial discretion.

**ELEVENTH DEFENSE**

**(Workers' Compensation Exclusivity - All Causes of Action)**

11. Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries is governed by the California Workers' Compensation Act, California Labor Code Sections 3600, *et seq.*

**TWELFTH DEFENSE**

**(Due Process - All Causes of Action)**

12. Plaintiff's punitive damage claims constitute a denial of Defendant's right to due process of law and equal protection of the law, or the taking of private property for public use without just compensation, and are violative of the separation of judicial, legislative and executive powers guaranteed by the United States and California Constitutions.

**THIRTEENTH DEFENSE**

**(Failure to State a Claim for Relief for Punitive Damages - All Causes of Action)**

13. Plaintiff is not entitled to recover any punitive or exemplary damages against Defendant because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code Section 3294(a).

**FOURTEENTH DEFENSE**

**(Ratification / Consent - All Causes of Action)**

14. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because any conduct by Defendant was ratified, consented to, or acquiesced in by Plaintiff.

**FIFTEENTH DEFENSE**

**(Failure to Exercise Reasonable Preventive Corrective Opportunity - All Causes of Action)**

15. To the extent any of Defendant's employees or agents engaged in unlawful discriminatory behavior toward Plaintiff, Defendant is not liable for any such discrimination, or Plaintiff's damages must be reduced in the alternative, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and/or because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to otherwise avoid harm.

**SIXTEENTH DEFENSE**

**(Harm Caused by Plaintiff's Own Acts and Omissions - All Causes of Action)**

16. To the extent that any harm suffered by Plaintiff arose out of her own acts or omissions that adversely and substantially affected her interests, the claims alleged in the Complaint are barred.

**SEVENTEENTH DEFENSE**

**(Reasonableness and Good Faith - All Causes of Action)**

17. Defendant and its agents acted reasonably and in good faith at all times herein, based on all relevant facts and circumstances known by them at the time they acted. Defendant, therefore, did not commit any unlawful acts or omissions against Plaintiff. Thus, Plaintiff's Complaint and all claims alleged therein are barred by Defendant's reasonable and good-faith conduct.

**EIGHTEENTH DEFENSE**

**(Reservation - All Causes of Action)**

18. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendant, pray for judgment as follows:

1. That Plaintiff take nothing by her unverified Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded its reasonable attorneys' fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and
5. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: March 17, 2015

SEYFARTH SHAW LLP

By: [signature]
Colleen M. Regan
Maya Harel
Attorneys for Defendant
CLIPPER MAGAZINE, LLC (erroneously named and sued as Clipper Magazine, Inc.)

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 17, 2015, I served the within document(s):

**DEFENDANT CLIPPER MAGAZINE, LLC'S ANSWER TO PLAINTIFF DANA PARKER'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on March 17, 2015. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Michael A. Gould<br>Aarin A. Zeif<br>GOULD & ASSOCIATES<br>17822 E. 17th Street, Ste. 106<br>Tustin, California 92780 | **Attorneys for PLAINTIFF DANA PARKER**<br><br>Tel. (714) 669-2850/Fax (714) 544-0800<br>Email: Michael@wageandhourlaw.com; Aarin@wageandhourlaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 17, 2015, at Los Angeles, California.

Laura Thikton